UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:20-cv-00443-RJC

| | |
|---|---|
| JACOB LEE NEELY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **ORDER** |
| COMMISSIONER OF SOCIAL SECURITY, ) | |
| ) | |
| Defendant. ) | |
| ) | |
| ) | |

**THIS MATTER** comes before the Court on the Christine Neely's Motion to Substitute Party under Federal Rule Civil Procedure 25(a)(1) (Doc. No. 16) and the Parties' Cross Motions for Summary Judgment (Doc. Nos. 18, 21). Having fully considered the written arguments, administrative record, and applicable authority, the Court finds that Defendant's decision to deny Social Security benefits is supported by substantial evidence and will **AFFIRM** the decision. Accordingly, the Court will **DENY** Plaintiff's Motion for Summary Judgment and **GRANT** Defendant's Motion for Summary Judgment.

## I. BACKGROUND

Jacob Lee Neely ("J. Neely") filed this action seeking judicial review of the Commissioner of Social Security's ("Defendant" or "Commissioner") denial of his social security claim. J. Neely filed applications for disability insurance benefits and supplemental security income on June 29, 2017, alleging his disability onset date of May 18, 2017. (Tr.[1] 15).

In denying J. Neely's social security claim, the Administrative Law Judge (the "ALJ")

---

[1] Citations to "Tr." throughout the order refer to the administrative record at Doc. No. 12.

conducted a five-step sequential evaluation. (*Id.* at 17-25). At step one, the ALJ found that J. Neely had not engaged in substantial gainful activity since his alleged onset date. (*Id.* at 18). At step two, the ALJ found that J. Neely had the following severe impairments: post-traumatic stress disorder (PTSD); attention deficit disorder (ADD); generalized anxiety disorder; bipolar disorder; and cannabis use disorder. (*Id.*). He found J. Neely's headaches to be non-severe. (*Id.*). At step three, the ALJ found that none of the impairments, or combinations of impairments, met or equaled the severity of a listed impairment. (*Id.* at 18-19). Before moving to step four, the ALJ found that J. Neely had the residual functional capacity ("RFC") as follows:

> to perform a full range of work at all exertional levels but with the following nonexertional limitations: limited to routine tasks in an unskilled work setting that are not at a production rate pace, e.g., assembly line work; capable of sustaining concentration and pace for two hour segments during a standard eight hour workday; limited to occasional interaction with supervisors, coworkers and the public; limited to routine changes in an unskilled work setting.

(*Id.* at 19). At step four, the ALJ found that J. Neely is not able to perform past relevant work, but found at step five that he could perform jobs that existed in significant numbers in the national economy. (*Id.* at 23-25).

After exhausting his administrative remedies, J. Neely brought the instant action for review of Defendant's decision denying his applications for disability benefits. (Doc. No. 1). During the pendency of this action J. Neely passed away and his widow, Christine Neely ("C. Neely" or "Plaintiff"), filed a motion seeking to substitute herself as Plaintiff. (Doc. No. 17). Defendant did not respond or oppose the motion to substitute.

## II. STANDARD OF REVIEW

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to: (1) whether substantial evidence supports the Commissioner's decision, *Richardson v. Perales*, 402 U.S. 389, 390, 401 (1971); and (2) whether

the Commissioner applied the correct legal standards. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990); *see also Hunter v. Sullivan*, 993 F.2d 31, 34 (4th Cir. 1992) (*per curiam*). The District Court does not review a final decision of the Commissioner *de novo*. *Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986); *King v. Califano*, 599 F.2d 597, 599 (4th Cir. 1979); *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972).

As the Social Security Act provides, "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). In *Smith v. Heckler*, 782 F.2d 1176, 1179 (4th Cir. 1986) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)), the Fourth Circuit defined "substantial evidence" as:

> Substantial evidence has been defined as being "more than a scintilla and do[ing] more than creat[ing] a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

*See also Seacrist v. Weinberger*, 538 F.2d 1054, 1056–57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the medical evidence.").

The Fourth Circuit has long emphasized that it is not for a reviewing court to weigh the evidence again, nor to substitute its judgment for that of the Commissioner, assuming the Commissioner's final decision is supported by substantial evidence. *Hays v. Sullivan*, 907 F.2d at 1456 (4th Cir. 1990); *see also Smith v. Schweiker*, 795 F.2d at 345; *and Blalock v. Richardson*, 483 F.2d at 775. Indeed, this is true even if the reviewing court disagrees with the outcome—so long as there is "substantial evidence" in the record to support the final decision below. *Lester v. Schweiker*, 683 F.2d 838, 841 (4th Cir. 1982).

### III. DISCUSSION OF CLAIM

Plaintiff raises two challenges to the ALJ's decision: (1) the ALJ failed to consider the longitudinal evidence when determining J. Neely's RFC; and (2) the ALJ improperly relied on J. Neely's daily activities without considering the extent to which he could perform those activities. (Doc. No. 19). Defendant responds that the decision is supported by substantial evidence. (Doc. No. 22).

"The determination of eligibility for social security benefits involves a five-step inquiry." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005). "The five step inquiry asks whether (1) the claimant is engaged in substantial gainful activity; (2) the claimant has a medical impairment (or combination of impairments) that are severe; (3) the claimant's medical impairment meets or exceeds the severity of [one of certain listed] impairments . . .; (4) the claimant can perform her past relevant work; and (5) the claimant can perform other specified types of work." *Id.* at 653 n.1; 20 C.F.R. § 404.1520. Before the fourth step, the ALJ determines the claimant's RFC, which is "the most [the claimant] can still do despite [his or her] limitations." 20 C.F.R. § 404.1545(a). The ALJ is solely responsible for assessing a claimant's RFC. 20 C.F.R. § 404.1546(c). The ALJ first assesses the nature and extent of the claimant's physical and mental limitations and restrictions and then determines the claimant's RFC for work activity on a regular and continuing basis. 20 C.F.R. § 404.1545(b). The RFC should be assessed "based on all the relevant evidence in [the claimant's] case record" and considering all of the claimant's medically determinable impairments. 20 C.F.R. § 404.1545(a). In the Fourth Circuit, remand may be appropriate "where an ALJ fails to assess a claimant's capacity to perform relevant functions, despite contradictory evidence in the record, or where other inadequacies in the ALJ's analysis frustrate meaningful review." *Mascio v. Colvin*, 780 F.3d 632, 636 (4th Cir. 2015).

First, Plaintiff argues the ALJ erred by not considering medical records prior to J. Neely's alleged disability onset date. The ALJ's decision contained a detailed analysis of J. Neely's medical records, beginning in May 2017, the month of J. Neely's alleged disability onset date. Additionally, the ALJ considered medical records prior to May 2017. For example, the ALJ stated, "[w]hile the claimant has had psychiatric hospitalizations prior to the alleged onset date, since approximately late 2017, the record shows his symptoms have improved." (Tr. 23). Further, the ALJ noted that he considered the "totality of the objective medical record," but that it "appear[ed] as though, in spite of the claimant's history, [J. Neely's] current medication regimen has his symptoms well controlled." (*Id.*). The ALJ was not required to refer to or discuss every piece of evidence in the record. *Reid v. Comm'r of Soc. Sec.*, 769 F.3 861, 865 (4th Cir. 2014). And this Court cannot reweigh the evidence or substitute its judgment for that of the ALJ's judgment as long as substantial evidence supports the decision. *Hays v. Sullivan*, 907 F.2d at 1456 (4th Cir. 1990). Here, the ALJ considered J. Neely's evidence prior to 2017, and his conclusion is supported by substantial evidence.

Next, Plaintiff argues the ALJ considered J. Neely's daily activities without considering the limitations he had when performing those activities. "An ALJ may not consider the *type* of activities a claimant can perform without also considering the *extent* to which [he] can perform them." *Woods v. Berryhill*, 888 F.3d 686, 694 (4th Cir. 2018) (emphasis in original). Here, the ALJ did consider the extent to which J. Neely could perform daily activities, including relevant limitations. For example, the ALJ recognized that J. Neely had "racing thoughts" and "difficulty finishing things he starts," "anxiety in public places such as the gym and the grocery store," "nightmares and flashbacks every day," and "gets paranoid that he is performing tasks incorrectly." (Tr. 20). Accordingly, the ALJ properly considered the type and extent to which J. Neely could

perform his daily activities.

Finally, Plaintiff explains on multiple occasions that J. Neely was awarded benefits in a subsequent disability application, which the Defendant argues is not reason alone to remand the proceeding. However, Plaintiff does not appear to argue the matter should be remanded for this reason alone. In any event, in an unpublished opinion, the Fourth Circuit opined that remand is not appropriate based solely on the fact that a subsequent administrative decision awarded benefits. *Baker v. Comm'r of Soc. Sec.*, 520 Fed. App'x 228, 229 n.* (4th Cir. 2013) (unpublished) ("We reject Baker's claim that she is entitled to a sentence six remand on the basis of a subsequent administrative decision awarding benefits . . . a subsequent favorable decision itself, as opposed to the evidence supporting the subsequent decision, does not constitute new and material evidence under § 405(g)."). And even if it is, the plaintiff bears the burden to prove remand is appropriate, which burden was not met here. *Id.* In sum, the ALJ's decision is supported by substantial evidence and will be affirmed.

### IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1. The Motion to Substitute Party (Doc. No. 16) is **GRANTED** and Christine Neely shall be substituted as Plaintiff in this case;

2. Plaintiff's Motion for Summary Judgment (Doc. No. 18) is **DENIED**;

3. Defendant's Motion for Summary Judgment (Doc. No. 21) is **GRANTED**; and

4. Defendant's decision to deny Social Security benefits is **AFFIRMED**.

   The Clerk is directed to close this case.

   **SO ORDERED**.

Signed: March 23, 2022

Robert J. Conrad, Jr.
United States District Judge